UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHNNY RICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00520-JRS-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner Johnny Rice filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging two 2015 Indiana convictions for rape, strangulation, and battery. The petition alleges that Mr. Rice's trial and appellate counsel were ineffective.

**I.     Background**

The Indiana Court of Appeals summarized the facts of Mr. Rice's crimes on direct appeal:

The facts most favorable to the verdict reveal that Rice and M.S. were romantically involved and shared an apartment. On the evening of September 10, 2014, Rice picked up M.S. from work, and they returned to their apartment. At some point before dinner, the couple left the apartment, drove to a liquor store, and then drove to Rice's mother's home. M.S. stayed in the car while Rice conducted his business. Once they returned home, a dispute arose while M.S. was cooking dinner. Rice berated M.S. and smacked M.S. on the side of her face with his open hand.

Later that evening, Rice instructed M.S. to remove her clothes and perform oral sex on him. M.S. complied, but Rice was dissatisfied with her performance. He said, "[i]t don't feel good" and "[y]ou're not doing it right" over and over, hitting her head each time. Rice told M.S. that he would continue to hit her "until it starts feeling better." Eventually, M.S.'s face swelled, and she began to bleed. Rice ordered M.S. to clean herself up, but when she did not return quickly enough, he dragged her out of the bathroom by her hair and pushed her against the wall of the bedroom. M.S. slid down the wall to the floor, and Rice grabbed her neck with one hand to pick her up. This caused M.S. to have trouble breathing and black out momentarily.

Rice, who was drinking an alcoholic beverage, forced M.S. to continue performing oral sex and told M.S. that if he finished his drink prior to ejaculating, he would "beat [her] ass." When Rice finished his drink, he pushed M.S. to the floor and

began stomping on her face with his foot. He was wearing shoes at the time. Rice then told M.S. to get in the shower and wash off the blood. When M.S. finished showering, Rice reclined on the bed and instructed her to perform oral sex yet again. M.S. complied until he fell asleep, at which time she grabbed her clothes and keys and ran from the apartment. She drove to the next apartment building and eventually fell asleep. M.S. woke the next morning when she heard a woman in the parking lot. At M.S.'s request, the woman called 911.

Indianapolis Metropolitan Police Department ("IMPD") Officer Mark Ayler responded to the call. Officer Ayler observed that M.S. appeared badly beaten. An ambulance took M.S. to the hospital, where she was diagnosed with comminuted fractures of three bones around her eyes and nose. The emergency room physician who treated M.S. described the injuries to her face as being like "dropping a plate on the floor and having it crack into many pieces." The injuries to the bones around her eyes required surgery. In addition, she had bruising around her neck, shoulders, and knees. Her soft palate, tongue, and inner cheek were raw. Her face was extremely swollen, such that she was unable to see. She also had lacerations on her lips, forehead, and over one eye.

With M.S.'s permission, Officer Ayler gained access to the apartment and found Rice alone in the living room. Rice was belligerent and uncooperative. Officer Ayler immediately noticed a pair of shoes with blood around the edges in the hallway leading to the bedroom. When he entered the bedroom, he saw "a large amount of blood on the walls, the bed, the carpet, the TV stand, on the TV." There was also blood on the bedroom ceiling, in the bathroom, and in the kitchen. Serological samples were not taken from every item and surface in the apartment, but investigators took representative samples from every room. Forensic analysis confirmed the samples were M.S.'s blood.

Rice was taken into custody and gave a statement to IMPD Detective Michelle Floyd. Rice claimed a woman named "Tiff" came to the apartment and that she and M.S. had gotten into a fight. He also told Detective Floyd that he was looking forward to M.S. returning home so M.S. could clean up the mess she had made. Rice gave Detective Floyd a phone number he claimed belonged to "Tiff," but Detective Floyd was unable to locate "Tiff." Detective Floyd observed no injuries on Rice's hands.

*Rice v. State*, 2016 WL 1016781, at *1−2 (Ind. Ct. App. Mar. 15, 2016) ("*Rice I*") (footnote and citations omitted).

A jury found Mr. Rice guilty of two counts of rape, one count of strangulation, and one count of misdemeanor battery. *Id.* at *2. The trial court sentenced him to a total of 36 years in the Indiana Department of Correction, with 4 years suspended to probation. *Id.*

Mr. Rice appealed, arguing that he was convicted based on insufficient evidence. The Indiana Court of Appeals affirmed, *id.* at *4, and the Indiana Supreme Court denied leave to transfer, dkt. 11-8.

Mr. Rice then filed a petition for post-conviction relief, arguing that trial and appellate counsel were ineffective. *Rice v. State*, 2019 WL 2181212, at *3 (Ind. Ct. App. May 21, 2019) ("*Rice II*"). The trial court denied the petition after a hearing. *Id.* The Indiana Court of Appeals affirmed, *id.* at *6, and the Indiana Supreme Court denied leave to transfer, dkt. 11-19.

On October 29, 2019, Mr. Rice filed a 28 U.S.C. § 2254 habeas corpus petition in this Court.[1] The petition alleges that trial counsel was ineffective for (1) failing to challenge the charging information based on a lack of probable cause and (2) failing to seek a hearing to challenge the affidavit supporting the charging information based on alleged falsehoods in the affidavit. He further argues that appellate counsel was ineffective for failing to raise these same arguments on direct appeal.

## II. Law Governing 28 U.S.C. § 2254 Petitions

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner shows that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) " based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

---

[1] Days later, he filed another copy of the petition, this time with a certificate of service. In all other respects, the two petitions are identical.

28 U.S.C. § 2254(d). Put differently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the plaintiff can overcome § 2254(d)'s bar, federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

### III. Discussion

The Indiana Court of Appeals applied the correct standard to Mr. Rice's ineffective assistance of counsel claims. *See Rice II*, 2019 WL 2181212, at *4 (applying *Strickland v. Washington*, 466 U.S. 668 (1984)).

Both on post-conviction review and in this Court, Mr. Rice's ineffective assistance of counsel claims are nothing more than an attempt to relitigate his criminal trial. He argues that trial counsel should have challenged his charging information and the supporting affidavit. But the only supposed deficiencies he identifies in these documents are the statements alleging that M.S. performed oral sex on him against her will. *See* dkt. 5 at 4−5. And, in support of his claims, he merely rehashes the evidence presented at trial. *See id.* at 5−10.

The Indiana Court of Appeals concluded that the charging information was supported by probable cause and that Mr. Rice had failed to show that the accusations of forced oral sex were false. *Rice II*, 2019 WL 2181212, at *4 ("Because M.S.'s additional statements, which Rice does not acknowledge, let alone address, supported a finding of probable cause that she was forced by Rice to engage in oral sex through force and without her consent, any challenge to the sufficiency

of the probable cause affidavit or the Information on this basis would not have been successful."); *id.* at *5 ("Rice presented no evidence at the PCR hearing that Detective Floyd testified falsely, recklessly, or without regard to the truth [as to the claims of forced oral sex] in the probable cause affidavit."). These conclusions are reasonable, so § 2254(d) bars relief.

### IV. Certificate of Appealability

A state prisoner must obtain a certificate of appealability if he seeks appellate review. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation and quotation marks omitted). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Reasonable jurists would agree that Mr. Rice's claims are barred by 28 U.S.C. § 2254(d) or otherwise meritless. Therefore, a certificate of appealability is **denied**.

### V. Conclusion

Mr. Rice's petition for a writ of habeas corpus is **denied**, and a certificate of appealability shall not issue. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date:   11/23/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

JOHNNY RICE
249455
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov